# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RICHARD WAYNE DAVIS, )
        Plaintiff, )
v. ) Case No. CIV-17-1093-SM
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Richard Wayne Davis (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's (Commissioner) final decision that he was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Docs. 10, 14.

After a careful review of the record (AR), the parties' briefs, and the relevant authority, the undersigned affirms the Commissioner's final decision.[1] *See* 42 U.S.C. § 405(g).

---

[1] For the parties' briefs, the undersigned's page citations refer to this Court's CM/ECF pagination. Page citations to the AR refer to that record's original pagination.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

**C.   Relevant findings.**

**1.   Administrative Law Judge (ALJ) findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis in order to decide whether Plaintiff was disabled during the relevant time period. AR 17-28; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). Specifically, the ALJ found Plaintiff:

(1)   was severely impaired by first, affective disorder including major depressive disorder; second, by anxiety disorder; third, by organic mental disorder including cognitive disorder NOS; and fourth, by substance addiction disorder;

(2)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3)   had the residual functional capacity[2] (RFC) to perform work at all exertional levels, light work with limitations;

(4)   was unable to perform any past relevant work;

(5)   was able to perform jobs that exist in significant numbers in the national economy, such as hospital cleaner, Dictionary of Occupational Titles (DOT) No. 323.687.010; automobile detailer, DOT No. 915.687-034; and laundry laborer, DOT No. 361.687-018; and, so

(6)   had not been under a disability as defined by the Social Security Act since August 1, 2012, through the date of the ALJ's decision, April 21, 2016.

---

[2]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

AR 17-28.

### 2. Appeals Council action.

The Social Security Administration's (SSA) Appeals Council found no reason to review that decision, so the ALJ's decision is the Commissioner's final decision in this case. *Id.* at 1-6; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

B. **Issue for judicial review.**

Plaintiff contends "the ALJ erred in relying on vocational expert testimony to fulfill her step-five burden without properly addressing Plaintiff's objections memorandum related to the vocational expert's testimony." Doc. 17, at 1, 6. Plaintiff argues that the ALJ erred by improperly relying on vocational expert (VE) testimony and by failing to address Plaintiff's post-hearing objections to the VE's testimony at step five of the disability evaluation. *Id.* at 6-19. The Commissioner responds that the ALJ was entitled to rely on the VE's testimony. Additionally, the Commissioner argues Plaintiff cannot show that the ALJ's determination at step five was not based on substantial evidence, and the ALJ adequately addressed and overruled Plaintiff's post-hearing objections. Doc. 18, at 8-14.

C. **Discussion.**

1. **Step five of the analysis.**

At step five, the Commissioner must determine whether the claimant's RFC, age, education and work experience are sufficient to permit the claimant to perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The burden shifts to the Commissioner at this step to show that the claimant retains the ability

5

to perform work in the national economy. *Wells v. Colvin*, 727 F.3d 1061, 1064 n.1 (10th Cir. 2013); *Lax*, 489 F.3d at 1084.

"Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [plaintiff is] able to meet with [plaintiff's] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b). In determining whether jobs exist in significant numbers, the ALJ considers the following factors: "the level of claimant's disability; the reliability of the [VE's] testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; [and] the types and availability of such work." *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992) (citation omitted). An ALJ may take administrative notice of "reliable job information available from various government and other publications," including the U.S. Department of Labor (USDOL) publication, the DOT. 20 C.F.R. § 404.1566(d)(1). As part of the Commissioner's burden at step five, the ALJ must "thoroughly develop the vocational evidence." *Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999). And, regardless of the step of the analysis, the ALJ is always responsible for fully developing the record, including "[q]uestioning a vocational expert about the source of his opinion." *Id.* at 1091.

## 2. The ALJ's step-five approach.

Here, the ALJ recounted the procedural history of vocational expert testimony:

> [O]n July 16, 2015 . . . an impartial vocational expert[] appeared and testified . . .
>
> Post-hearing interrogatories were sent to . . . the impartial vocational expert at the hearing held on July 16, 2015. The claimant's representative objected to the vocational testimony by interrogatory.
>
> The claimant appeared and testified at a supplemental hearing held on January 21, 2016, in Oklahoma City, Oklahoma. Also appearing and testifying were Dr. Harold Milstein, M.D., an impartial medical expert, and Clifton A. King Jr., an impartial vocational expert. . . .
>
> On August 7, 2015, the claimant's representative submitted a Representative Brief [that] indicated specific objections to written interrogatories to a vocational expert and objections to the jobs provided in the response. A supplemental hearing was scheduled and new vocational testimony was obtained. The Administrative Law Judge overrules the objections found in Exhibit 20E.
>
> On February 25, 2016, after the supplemental hearing, the claimant's representative submitted a Post-Hearing Memorandum of Law and Objections to the Vocational Witness testimony of Clifton King, Jr.

AR 13 (citations omitted).

Plaintiff had counsel at the hearings who cross-examined the vocational experts. The ALJ went on to address the post-hearing objections. *Id.* at 14-15. Later in the decision, he recounted the representative occupations to which the

7

VE testified such as hospital cleaner, DOT No. 323.687.010, with 525-550 jobs in Oklahoma and 45,000 jobs in the national economy; automobile detailer, DOT No. 915.687-034, with 650 jobs in Oklahoma and 53,000 jobs in the national economy; and laundry laborer, DOT No. 361.687-018; with 700-800 jobs in Oklahoma and 70,000-80,000 jobs in the national economy. *Id.* at 27. He then concluded, after stating that the VE's testimony was consistent with the DOT under SSR 00-4p,[3] that "considering the claimants' age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *Id.* at 28.

### 3. Plaintiff's arguments.

Plaintiff argues that the SSA's *Hearings, Appeals, and Litigation Manual* (HALLEX) in 2015 required that when a claimant raises an objection to a VE's testimony the ALJ is obligated to rule on the objection and discuss any ruling in the decision. Doc. 17, at 9 (citing HALLEX § I-2-6-74(B)). Plaintiff argues that the ALJ failed to address all of the specific objections he raised in his post-hearing objections. *Id.* at 7-8.

---

[3] SSR 00-4p, 2000 WL 1898704, *2 (Dec. 4, 2000).

8

Plaintiff argues that his post-hearing memorandum included a vocational rehabilitation counselor's opinion and report that determined, based on the social limitations the ALJ found, Plaintiff could not perform those jobs the ALJ identified. *Id.* at 12. He maintains "the ALJ failed to even acknowledge this evidence." *Id.* at 13.

Next, Plaintiff maintains the jobs the VE found, relying on the DOT, provide outdated information for unskilled work. *Id.* He argues that it is a "well-known fact that the DOT is an obsolete and static database that is no longer being developed or enhanced or updated by the [USDOL]", that it was last updated in 1991, and that the USDOL now provides information of that type in the Occupational Information Network (O*NET). *Id.* at 14. He points out the SSA agrees the DOT is outdated and has initiated studies to replace it. *Id.* Plaintiff argues that the representative jobs, which the VE identified by DOT code number and testified were available within the economy to an individual with the RFC and vocational profile assessed by the ALJ, are not applicable within the present economy, and that the O*NET reveals that such jobs in the present economy require abilities beyond the RFC assessed in this case. *Id.* at 15-16.

In his reply brief, Plaintiff reiterates: the burden of proof at step five of the sequential evaluation process is the Commissioner's; the ALJ must address

objections in his decision; Plaintiff's objections were timely made; the ALJ failed to discuss Plaintiff's arguments that the DOT is out of date; and the ALJ failed to consider the vocational evidence he supplied. Doc. 19, at 3-5. He argues the Commissioner's failure to address each of his key premises should be deemed a waiver as to each. *Id.* at 3 n.1 (citing *Haltom v. Great Nw. Ins. Co.,* 460 F. App'x 751, 755 (10th Cir. 2012)). Further, since the court itself cannot reweigh the evidence or reply on "*post hoc* and usurpation analysis," "the only appropriate disposition of this case" is to reverse and remand. *Id.* at 6.

### 4. The Commissioner's response.

The Commissioner responds on several fronts. First, that Plaintiff "does not directly challenge the ALJ's decision to rely on the [VE] testimony as consistent with the DOT or the ALJ's stated reasons for overruling [Plaintiff's] post-hearing objections to that testimony. Doc. 18, at 1. She notes Plaintiff concedes the VE's testimony was consistent with the DOT. *Id.* at 1. Second, the Commissioner maintains that the requirement to consider conflicts does not extend to conflicts with other administratively noticed job data, such as the Occupational Outlook Handbook (OOH). *Id.* at 12 (citing 20 C.F.R. § 404.1566(d)). Third, she argues that to the extent the ALJ did not address the subparts of every objection, his failure to do so was at most harmless error. In

essence, the Commissioner argues that, as the ALJ found, (1) the VE testimony does not conflict with the DOT, and (2) to the extent the record contains conflicting vocational evidence, substantial evidence supports the ALJ's determination to accord greater weight to the DOT and the VE testimony than to the evidence relied upon by Plaintiff from the O*Net and the OOH. *Id.* at 8-13.

### 5. Analysis.

As the Commissioner's argument suggests, the standard the court must apply in reviewing any decision of the Commissioner is whether the Commissioner applied the correct legal standard, and whether substantial evidence in the record supports her findings. *Lax*, 489 F.3d at 1084; *accord*, *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). "The appeals court neither reweighs the evidence nor substitutes its judgment for that of the agency." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

The ALJ applied the correct legal standard. He considered Plaintiff's objections to the VE testimony and overruled them, explaining in his decision the bases for doing so: 1) the VE's conclusions regarding the number of jobs available had a sufficient evidentiary basis; 2) the VE testimony does not conflict with the DOT; 3) the VE is qualified within the meaning of the

regulations to testify; and 4) the VE's testimony is well-founded upon his experience. AR 13-15; 27-28.

The remaining question is whether substantial record evidence supports the ALJ's decision. This is a familiar situation, where the evidence is conflicting and the ALJ must decide which evidence to credit. Plaintiff argues that the record evidence will not support the decision reached by the Commissioner because the DOT is outdated and unreliable, and the O*NET and OOH contain updated and reliable information which should be used. Doc. 17, at 17-19.

The court does not agree. As the Commissioner points out, she has promulgated regulations by notice and comment rulemaking explaining that she takes administrative notice of the DOT as reliable job information. 20 C.F.R. § 404.1566(d). Moreover, in its Policy Interpretation regarding the use of occupational information at steps 4 and 5 of the sequential evaluation process, the SSA has explained that "[i]n making disability determinations, we rely primarily on the DOT (including its companion publication, the [Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor]) for information about the requirements of work in the national economy," and that it also may use VEs "to resolve complex vocational issues." SSR 00-4p, 2000

WL 1898704, *2. And, while SSR 00-4p and *Haddock* require an ALJ to investigate and elicit a reasonable explanation for any conflict between the DOT and the VE testimony, SSR 00-4p; *Haddock*, 196 F.3d at 1091, they do not require the ALJ to resolve conflicts between VE testimony and other vocational publications or information. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 158 (6th Cir. 2009). The ALJ adequately addressed each of Plaintiff's objections in his decision, including Argument III which referenced the opinion of the vocational rehabilitative counselor. AR 13-15.

As Plaintiff references, the SSA commissioned the Occupational Information Development Advisory Panel (OIDAP) to review a report by the National Academy of Sciences (NAS) regarding the O*NET. *See* OIDAP, *Findings Report: A Review of the National Academy of Sciences Report A Database for a Changing Economy: Review of the Occupational Information Network (O*NET)* (June 28, 2010), available for download at https://www.ssa.gov/disabilityresearch/documents/COMPLETE%20FINAL-- Findings%20Report%20OIDAP%20062810.pdf (last visited May 27, 2018); Doc. 12, at 11 n.4. However, the OIDAP's first finding was that it agreed with the NAS "that the O*NET in its current form is not suitable for disability adjudication." OIDAP, *Findings Report*, at 8.

13

Here, the ALJ considered Plaintiff's objections to the VE testimony, discussed them in his decision of this case, considered the entire record, and found the VE was qualified as a VE and that there was sufficient evidentiary support for his testimony. AR 15, 17, 27-28, 63-64, 66, 68, 117-20, 122. Substantial evidence supports the ALJ's decision.

### III. Conclusion.

The court AFFIRMS the Commissioner's decision.

ENTERED this 30th day of May, 2018.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE